FILED by **KZ** D.C.
ELECTRONIC

Jun 23, 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**11-80106-CR-MARRA/VITUNAC**
CASE NO. _____

18 U.S.C. § 371
31 U.S.C. § 5324(a)(3)
31 U.S.C. § 5324(d)(2)
31 U.S.C. § 5317(c)

UNITED STATES OF AMERICA

v.

VLADIMIR LOPEZ,
LAZARO VIGOA MAURI,
a/k/a "Lazaro Vigoa,"
OSCAR LUIS FRANCO PADRON,
a/k/a "Oscar Luis Franco,"
and JOAQUIN ROSS,

    Defendants.
_____/

## INDICTMENT

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.    Bank of America was a domestic financial institution with offices located in Palm Beach and Miami-Dade Counties in the Southern District of Florida.

2.    Wachovia Bank was a domestic financial institution with offices located in Palm Beach and Miami-Dade Counties in the Southern District of Florida.

3.    J.P. Morgan Chase Bank was a domestic financial institution with offices located in Palm Beach and Miami-Dade Counties in the Southern District of Florida.

4.    A "currency transaction report" ("CTR") was a report that was submitted on United

States Department of Treasury ("Treasury"), Financial Crimes Enforcement Network ("FinCEN") Form 104. A domestic financial institution was required by federal law to file a CTR with Treasury for each financial transaction that involved United States currency in excess of $10,000. Such financial transactions included deposits, withdrawals, cashing of checks, exchanges of currency, or other transactions involving the physical transfer of currency from one person to another or from a banking institution to a person.

5. Defendants VLADIMIR LOPEZ, LAZARO VIGOA MAURI, a/k/a "Lazaro Vigoa," OSCAR LUIS FRANCO PADRON, a/k/a "Oscar Luis Franco," and JOAQUIN ROSS were not licensed chiropractic physicians.

## COUNT 1

1. Paragraphs 1 through 5 of the "General Allegations" portion of this Indictment are re-alleged and incorporated herein.

2. From at least as early as on or about May 1, 2009, through in or around March 2011, in Palm Beach and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**VLADIMIR LOPEZ,**
**LAZARO VIGOA MAURI,**
a/k/a "Lazaro Vigoa,"
**OSCAR LUIS FRANCO PADRON,**
a/k/a "Oscar Luis Franco,"
and
**JOAQUIN ROSS,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to commit an offense against the United States, that is, for the purpose of evading the reporting requirements of Title 31, United States Code, Section

5313(a), and the regulations promulgated thereunder, to structure and assist in structuring transactions from domestic financial institutions, in violation of Title 31, United States Code, Section 5324(a)(3).

### Purpose and Object of the Conspiracy

3. It was the purpose and object of the conspiracy to withdraw cash that had been obtained through a staged-accident insurance fraud scheme in a manner to evade CTR reporting requirements by making withdrawals from and cashing checks at domestic financial institutions below the $10,000 CTR-triggering amount.

### Overt Acts

4. In furtherance of the conspiracy and to effect the object thereof, at least one of the co-conspirators committed at least one of the following overt acts, among others, in the Southern District of Florida:

    a. On or about May 1, 2009, LAZARO VIGOA MAURI, a/k/a "Lazaro Vigoa," entered the Wachovia Bank at 802 Southern Boulevard, West Palm Beach, in Palm Beach County, in the Southern District of Florida, and completed documents to open and become an authorized signer on Business Checking Account xxxxxxxx9170 in the name of "NEW YORK MEDICAL & REHAB CENTER."

    b. On or about May 1, 2009, LAZARO VIGOA MAURI, a/k/a "Lazaro Vigoa," entered the Wachovia Bank at 802 Southern Boulevard, West Palm Beach, in Palm Beach County, in the Southern District of Florida, and completed documents to open and become an authorized signer on Business Checking Account xxxxxxxx9073 in the name of "NEW YORK MEDICAL & REHAB CENTER."

   c. On or about June 2, 2009, VLADIMIR LOPEZ entered the Bank of America South Dixie Banking Center in Palm Beach County, in the Southern District of Florida, and completed documents to open and become an authorized signer on Business Economy Checking Account xxxxxxxx6527 in the name of "KAROW CHIROPRACTIC CENTER PA."

   d. On or about July 24, 2009, VLADIMIR LOPEZ caused checks from Allstate Insurance Company, MGA Insurance Company, Inc., and Progressive Select Insurance Company to be deposited into the KAROW CHIROPRACTIC CENTER PA Account No. xxxxxxxx6527 at the Bank of America Palm Springs Banking Center in Palm Beach County, in the Southern District of Florida.

   e. On or about November 9, 2009, VLADIMIR LOPEZ entered the Bank of America Palm Springs Banking Center in Palm Beach County, in the Southern District of Florida and completed two debit withdrawals of $9,000 each.

   f. On or about February 19, 2010, VLADIMIR LOPEZ entered the Bank of America Palm Springs Banking Center in Palm Beach County, in the Southern District of Florida and completed documents to open and become an authorized signer on Business Economy Checking Account xxxxxxxx3147 in the name of "CHIROPRACTIC OFFICE OF SOUTH FL LLC."

   g. On or about March 19, 2010, VLADIMIR LOPEZ and OSCAR LUIS FRANCO PADRON, a/k/a "Oscar Luis Franco," entered the Bank of America Palm Springs Banking Center in Palm Beach County, in the Southern District of Florida.

   h. On or about May 6, 2010, LAZARO VIGOA MAURI, a/k/a "Lazaro Vigoa," entered the J.P. Morgan Chase Bank, Lake Worth Main Branch, in Palm Beach County, in the Southern District of Florida, and completed documents to open and become the sole authorized

signer on Business Checking Account xxxxx2653 in the name of "J&L TRANSPORTATION SERVICE INC."

        i.      On or about August 31, 2010, OSCAR LUIS FRANCO PADRON, a/k/a "Oscar Luis Franco," and JOAQUIN ROSS entered the Bank of America Palm Springs Banking Center in Palm Beach County, in the Southern District of Florida.

        j.      On or about September 15, 2010, OSCAR LUIS FRANCO PADRON, a/k/a "Oscar Luis Franco," and JOAQUIN ROSS entered the Bank of America Palm Springs Banking Center in Palm Beach County, in the Southern District of Florida.

        k.      On or about November 1, 2010, VLADIMIR LOPEZ and OSCAR LUIS FRANCO PADRON, a/k/a "Oscar Luis Franco," entered the Bank of America Palm Springs Banking Center in Palm Beach County, in the Southern District of Florida.

        l.      On or about December 8, 2010, JOAQUIN ROSS entered the Bank of America North Hialeah Banking Center in Miami-Dade County, in the Southern District of Florida.

        m.      On or about January 10, 2011, LAZARO VIGOA MAURI, a/k/a "Lazaro Vigoa," entered the Bank of America Palm Springs Banking Center in Palm Beach County, in the Southern District of Florida.

        n.      On or about January 11, 2011, VLADIMIR LOPEZ and JOAQUIN ROSS entered the Bank of America Palm Springs Banking Center in Palm Beach County, in the Southern District of Florida.

        o.      On or about January 13, 2011, JOAQUIN ROSS entered the Bank of America Palm Springs Banking Center in Palm Beach County, in the Southern District of Florida.

        p.      On or about January 21, 2011, VLADIMIR LOPEZ and JOAQUIN ROSS

entered the Bank of America Palm Springs Banking Center in Palm Beach County, in the Southern District of Florida.

    q.    On or about February 24, 2011, OSCAR LUIS FRANCO PADRON, a/k/a "Oscar Luis Franco," entered the Bank of America South Dixie Banking Center in Palm Beach County, in the Southern District of Florida.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2 THROUGH 17

1.    Paragraphs 1 through 5 of the "General Allegations" portion of this Indictment are re-alleged and incorporated herein.

2.    On or about the dates set forth below, in Palm Beach and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**VLADIMIR LOPEZ,**
**LAZARO VIGOA MAURI,**
**a/k/a "Lazaro Vigoa,"**
**and**
**OSCAR LUIS FRANCO PADRON,**
**a/k/a "Oscar Luis Franco,"**

did knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, structure and assist in structuring, and attempt to structure and assist in structuring transactions, that is, the below-listed cash withdrawals and cashing of checks at the below-listed domestic financial institutions:

| Count | Domestic Financial Institution | Date(s) | Transactions | Amounts |
|---|---|---|---|---|
| 2 | Wachovia Bank<br>Acct xxxxxxxx9170 | 7/21/2009<br>7/22/2009<br>7/23/2009<br>7/24/2009 | Check #1082<br>Check #1090<br>Check #1093<br>Check #1097 | $9,000<br>$9,000<br>$9,000<br>$9,000 |
| 3 | Bank of America<br>Acct xxxxxxxx6527 | 7/27/2009<br>7/27/2009 | Cash Withdrawal<br>Cash Withdrawal | $9,000<br>$9,000 |
| 4 | Wachovia Bank<br>Acct xxxxxxxx9170 | 7/27/2009<br>7/28/2009<br>7/29/2009<br>7/30/2009 | Check #1098<br>Check #1099<br>Check #1100<br>Check #1101 | $9,000<br>$9,000<br>$9,000<br>$9,000 |
| 5 | Wachovia Bank<br>Acct xxxxxxxx9170 | 9/23/2009<br>9/24/2009<br>9/25/2009 | Check #1177<br>Check #1178<br>Check #1182 | $9,000<br>$9,000<br>$9,000 |
| 6 | Wachovia Bank<br>Acct xxxxxxxx9170 | 10/28/2009<br>10/29/2009<br>10/30/2009 | Check #1220<br>Check #1221<br>Check #1225 | $9,000<br>$9,000<br>$9,000 |
| 7 | Bank of America<br>Acct xxxxxxxx6527 | 11/2/2009<br>11/2/2009 | Cash Withdrawal<br>Cash Withdrawal | $9,500<br>$9,000 |
| 8 | Bank of America<br>Acct xxxxxxxx6527 | 11/9/2009<br>11/9/2009 | Cash Withdrawal<br>Cash Withdrawal | $9,000<br>$9,000 |
| 9 | Bank of America<br>Acct xxxxxxxx6527 | 12/14/2009<br>12/14/2009 | Cash Withdrawal<br>Cash Withdrawal | $9,000<br>$6,390 |
| 10 | Wachovia Bank<br>Acct xxxxxxxxx9073 | 1/19/2010<br>1/20/2010<br>1/21/2010<br>1/22/2010 | Check #1070<br>Check #1073<br>Check #1074<br>Check #1082 | $9,000<br>$9,000<br>$9,000<br>$9,000 |
| 11 | Bank of America<br>Acct xxxxxxxx6527 | 1/20/2010<br>1/21/2010 | Check #1188<br>Check #1189 | $9,000<br>$9,000 |
| 12 | Bank of America<br>Acct xxxxxxxx6527 | 1/28/2010<br>1/29/2010 | Check # 1198<br>Check #1202 | $9,000<br>$9,000 |

| Count | Domestic Financial Institution | Date(s) | Transactions | Amounts |
|---|---|---|---|---|
| 13 | Wachovia Bank<br>Acct xxxxxxxx9073 | 2/9/2010<br>2/10/2010<br>2/11/2010<br>2/12/2010 | Check #1102<br>Check #1106<br>Check #1108<br>Check #1114 | $9,000<br>$9,000<br>$9,000<br>$9,000 |
| 14 | Bank of America<br>Acct xxxxxxxx6527 | 2/16/2010<br>2/16/2010 | Cash Withdrawal<br>Cash Withdrawal | $9,000<br>$9,000 |
| 15 | Bank of America<br>Acct xxxxxxxx6527 | 3/19/2010<br>3/19/2010 | Cash Withdrawal<br>Check #1239 | $9,000<br>$9,000 |
| 16 | Wachovia Bank<br>Acct xxxxxxxx9073 | 4/13/2010<br>4/14/2010<br>4/15/2010<br>4/16/2010 | Check #1678<br>Check #1680<br>Check #1681<br>Check #1687 | $9,000<br>$9,000<br>$9,000<br>$9,000 |
| 17 | Wachovia Bank<br>Acct xxxxxxxx9073 | 4/21/2010<br>4/21/2010 | Cash Withdrawal<br>Check #1693 | $7,089.82<br>$9,000 |

All in violation of Title 31, United States Code, Section 5324(a)(3), and Title 18, United States Code, Section 2.

It is further alleged that the offense conduct was part of a pattern of illegal activity involving more than $100,000 in a twelve-month period in violation of Title 31, United States Code, Section 5324(d)(2).

## **COUNTS 18 THROUGH 39**

1.      Paragraphs 1 through 5 of the "General Allegations" portion of this Indictment are re-alleged and incorporated herein.

2.      On or about the dates set forth below, in Palm Beach and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

VLADIMIR LOPEZ,
LAZARO VIGOA MAURI,
a/k/a "Lazaro Vigoa,"
OSCAR LUIS FRANCO PADRON,
a/k/a "Oscar Luis Franco,"
and
JOAQUIN ROSS,

did knowingly, and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, structure and assist in structuring, and attempt to structure and assist in structuring transactions, that is, the below-listed cash withdrawals and cashing of checks at the below-listed domestic financial institutions:

| Count | Domestic Financial Institution | Date(s) | Transactions | Amounts |
|---|---|---|---|---|
| 18 | Bank of America<br>Acct xxxxxxxx3147 | 8/31/2010<br>8/31/2010 | Check #1163<br>Check #1164 | $9,000<br>$9,000 |
| 19 | Bank of America<br>Acct xxxxxxxx3147 | 9/15/2010<br>9/15/2010 | Check #1182<br>Check #1183 | $9,000<br>$9,000 |
| 20 | JP Morgan Chase Bank<br>Acct xxxxx2653 | 9/20/2010<br>9/21/2010<br>9/21/2010<br>9/22/2010 | Check #1055<br>Check #1056<br>Check #1057<br>Check #1059 | $4,500<br>$4,500<br>$4,500<br>$4,500 |
| 21 | Bank of America<br>Acct xxxxxxxx3147 | 11/1/2010<br>11/1/2010<br>11/1/2010 | Check #1225<br>Check #1228<br>Check #1229 | $5,000<br>$9,000<br>$9,000 |
| 22 | Wachovia Bank<br>Acct xxxxxxxxx9073 | 11/1/2010<br>11/2/2010 | Check #1948<br>Check #1950 | $9,000<br>$9,000 |
| 23 | Wachovia Bank<br>Acct xxxxxxxxx9073 | 11/9/2010<br>11/10/2010 | Check #1955<br>Check #1958 | $9,000<br>$9,000 |
| 24 | Wachovia Bank<br>Acct xxxxxxxxx9073 | 12/2/2010<br>12/3/2010 | Check #1986<br>Check #1989 | $9,000<br>$9,000 |

| Count | Domestic Financial Institution | Date(s) | Transactions | Amounts |
|---|---|---|---|---|
| 25 | Bank of America Acct xxxxxxxx3147 | 12/8/2010 12/8/2010 12/9/2010 | Check #1275 Check #1283 Check #1284 | $9,000 $2,000 $9,000 |
| 26 | Wachovia Bank Acct xxxxxxxxx9073 | 12/15/2010 12/16/2010 12/17/2010 | Check #2008 Check #2009 Check #2011 | $9,000 $9,000 $9,000 |
| 27 | Wachovia Bank Acct xxxxxxxxx9073 | 1/7/2011 1/7/2011 | Check #2031 Check #2032 | $9,000 $9,000 |
| 28 | Bank of America Acct xxxxxxxx3147 | 1/10/2011 1/10/2011 | Cash Withdrawal Check #1320 | $9,000 $4,800 |
| 29 | Wachovia Bank Acct xxxxxxxxx9073 | 1/11/2011 1/11/2011 1/11/2011 1/11/2011 | Check #2035 Check #2036 Check #2037 Check #2038 | $9,000 $9,000 $9,000 $9,000 |
| 30 | Bank of America Acct xxxxxxxx3147 | 1/11/2011 1/12/2011 | Cash Withdrawal Cash Withdrawal | $9,000 $9,000 |
| 31 | Wachovia Bank Acct xxxxxxxxx9073 | 1/12/2011 1/12/2011 1/12/2011 | Check #2039 Check #2040 Check #2041 | $9,000 $9,000 $9,000 |
| 32 | Wachovia Bank Acct xxxxxxxxx9073 | 1/13/2011 1/13/2011 1/13/2011 | Check #2042 Check #2043 Check #2045 | $9,000 $9,000 $9,000 |
| 33 | Bank of America Acct xxxxxxxx3147 | 1/13/2011 1/13/2011 1/14/2011 | Check #1327 Cash Withdrawal Check #1328 | $9,000 $9,000 $9,000 |
| 34 | Bank of America Acct xxxxxxxx3147 | 1/20/2011 1/21/2011 1/21/2011 1/21/2011 | Cash Withdrawal Check #1336 Check #1285 Cash Withdrawal | $9,000 $9,000 $9,000 $9,000 |

| Count | Domestic Financial Institution | Date(s) | Transactions | Amounts |
|---|---|---|---|---|
| 35 | Wachovia Bank<br>Acct xxxxxxxxx9073 | 1/21/2011<br>1/21/2011 | Check #2054<br>Check #2055 | $9,000<br>$9,000 |
| 36 | Bank of America<br>Acct xxxxxxxx3147 | 1/31/2011<br>1/31/2011 | Check #1345<br>Check #1346 | $9,000<br>$9,000 |
| 37 | Bank of America<br>Acct xxxxxxxx3147 | 2/8/2011<br>2/8/2011 | Check #1357<br>Check #1358 | $9,000<br>$9,000 |
| 38 | Bank of America<br>Acct xxxxxxxx3147 | 2/11/2011<br>2/11/2011 | Check #1363<br>Check #1364 | $9,000<br>$9,000 |
| 39 | Bank of America<br>Acct xxxxxxxx3147 | 2/24/2011<br>2/24/2011 | Check #1374<br>Check #1378 | $2,762<br>$9,000 |

All in violation of Title 31, United States Code, Section 5324(a)(3), and Title 18, United States Code, Section 2.

It is further alleged that the offense conduct was part of a pattern of illegal activity involving more than $100,000 in a twelve-month period in violation of Title 31, United States Code, Section 5324(d)(2).

## CRIMINAL FORFEITURE

Upon conviction of any of the violations alleged in Counts 2 through 39 of this Indictment, the defendants, **VLADIMIR LOPEZ, LAZARO VIGOA MAURI, a/k/a "Lazaro Vigoa," OSCAR LUIS FRANCO PADRON, a/k/a "Oscar Luis Franco," and JOAQUIN ROSS**, shall forfeit to the United States any property, real or personal, involved in the offenses and any property traceable thereto including, but not limited to, the following:

    a.    The sum of $ 856,541.82 in United States currency.

Pursuant to Title 31, United States Code, Section 5317(c).

If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants, **VLADIMIR LOPEZ, LAZARO VIGOA MAURI,** a/k/a "**Lazaro Vigoa,**" **OSCAR LUIS FRANCO PADRON,** a/k/a "**Oscar Luis Franco,**" and **JOAQUIN ROSS,**

(1)   cannot be located upon the exercise of due diligence;

(2)   has been transferred or sold to, or deposited with a third person;

(3)   has been placed beyond the jurisdiction of the Court;

(4)   has been substantially diminished in value; or

(5)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c)(1)(B), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

All pursuant to Title 31, United States Code, Section 5317(c), and Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
A. MARIE VILLAFAÑA
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80106-CR-MARRA/VITUNAC

UNITED STATES OF AMERICA

vs.

VLADIMIR LOPEZ, et al,

                  **Defendants.**
_____/

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

____ Miami    ____ Key West
____ FTL    _X_ WPB    ____ FTP

New Defendant(s)    Yes ____   No ____
Number of New Defendants    ____
Total number of counts    ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    Yes
   List language and/or dialect    Spanish

4. This case will take    12-15    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I | 0 to 5 days | ____ |
   | II | 6 to 10 days | ____ |
   | III | 11 to 20 days | _X_ |
   | IV | 21 to 60 days | ____ |
   | V | 61 days and over | |

   (Check only one)

   | | |
   |---|---|
   | Petty | ____ |
   | Minor | ____ |
   | Misdem. | ____ |
   | Felony | _X_ |

6. Has this case been previously filed in this District Court? (Yes or No)   No
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)   No
   If yes:
   Magistrate Case No.    N/A
   Related Miscellaneous numbers:    N/A
   Defendant(s) in federal custody as of    N/A
   Defendant(s) in state custody as of    N/A
   Rule 20 from the    N/A    District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    ____ Yes    _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    ____ Yes    _X_ No

                                        _____
                                        A. MARIE VILLAFAÑA
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Florida Bar No. 0018255

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant's Name: VLADIMIR LOPEZ

Case No.: 11-80106-CR-MARRA/VITUNAC

Count 1:

18 U.S.C. § 371

Conspiracy to structure transactions

*Max. Penalty: 5 Years' Imprisonment; 3 years Supervised Release; $250,000 Fine

Counts 2 - 39:

31 U.S.C. §§ 5324(a)(3), (d)(2)

Structuring transactions as part of pattern of illegal activity involving more than $100,000 in 12 months.

*Max. Penalty: 10 Years' Imprisonment; 3 years Supervised Release; $500,000 Fine

Count:

*Max. Penalty:

Count:

*Max. Penalty:

Count:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant's Name:   LAZARO VIGOA MAURI, a/k/a "Lazaro Vigoa,"

Case No.: 11-80106-CR-MARRA/VITUNAC

Count 1:

18 U.S.C. § 371

Conspiracy to structure transactions

*Max. Penalty: 5 Years' Imprisonment; 3 years Supervised Release; $250,000 Fine

Counts 2 - 39:

31 U.S.C. §§ 5324(a)(3), (d)(2)

Structuring transactions as part of pattern of illegal activity involving more than $100,000 in 12 months.

*Max. Penalty: 10 Years' Imprisonment; 3 years Supervised Release; $500,000 Fine

Count:

*Max. Penalty:

Count:

*Max. Penalty:

Count

*Max. Penalty:

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**PENALTY SHEET**

Defendant's Name: OSCAR LUIS FRANCO PADRON, a/k/a "Oscar Luis Franco,"

Case No.: 11-80106-CR-MARRA/VITUNAC

Count 1:

18 U.S.C. § 371

Conspiracy to structure transactions

*Max. Penalty: 5 Years' Imprisonment; 3 years Supervised Release; $250,000 Fine

Counts 2 - 39:

31 U.S.C. §§ 5324(a)(3), (d)(2)

Structuring transactions as part of pattern of illegal activity involving more than $100,000 in 12 months.

*Max. Penalty: 10 Years' Imprisonment; 3 years Supervised Release; $500,000 Fine

Count:

*Max. Penalty:

Count:

*Max. Penalty:

Count:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant's Name:   JOAQUIN ROSS

Case No.: 11-80106-CR-MARRA/VHUNAC

Count 1:

18 U.S.C. § 371

Conspiracy to structure transactions

*Max. Penalty: 5 Years' Imprisonment; 3 years Supervised Release; $250,000 Fine

Counts 18 - 39:

31 U.S.C. §§ 5324(a)(3), (d)(2)

Structuring transactions as part of pattern of illegal activity involving more than $100,000 in 12 months.

*Max. Penalty: 10 Years' Imprisonment; 3 years Supervised Release; $500,000 Fine

Count:

*Max. Penalty:

Count:

*Max. Penalty:

Count:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

REV. 12/12/96